# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SANTA YSABEL OPRANDI,      CASE NO. 2:09-cv-211
    JUDGE SMITH
    Petitioner,     MAGISTRATE JUDGE KEMP

v.

WARDEN, OHIO REFORMATORY FOR WOMEN,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

According to the petition, petitioner challenges her February 20, 2007, conviction after a jury trial in the Perry County Court of Common Pleas on charges of possession of crack cocaine and aggravated possession of drugs. The trial court sentenced petitioner to seventeen years incarceration. On January 16, 2008, the Ohio Fifth District Court of Appeals affirmed petitioner's convictions and sentence. *State v. Oprandi*, 2008 WL 170683 (Ohio App. 5th Dist. January 16, 2008). On June 18, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Oprandi* 118 Ohio St.3d 14162 (2008).

On March 19, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. She alleges that she is in the custody of the respondent

in violation of the Constitution of the United States based upon the following grounds:

> 1. Sue Primmer was identified in paragraph 4 of the affidavit as a source of information for Deputy Hawks. She testified that no direction was given as to the purported methamphetamine was located. Deputy Brent Tysinger of the Perry County Sheriff's Office stated he had a phone conversation with the property owner. He did not participate in the search. He had no evidence of crack cocaine, cocaine, or methamphetamines. Officer Hawks further admitted the inventory included a reference to a "plastic baggy with unknown white substance."
>
> 2. Appellant's Fourth Amendment rights to be free of warrantless searches and seizures were violated when the trial court issued a search warrant that was based upon information contained in an affidavit that was knowingly false or recklessly disregarded meriting reversal.
>
> 3. The court erred in denying motion of defendant appellant to suppress in that the search warrant did not with particularity describe the items to be seized.

Petitioner asserts, in all of her claims for relief, that she was denied a fair trial based upon the State's alleged violation of the Fourth Amendment to the United States Constitution. For the following reasons, this Court cannot grant her relief on those claims even if they have merit.

As a general matter, the federal courts may grant relief to a state prisoner who was convicted in violation of rights guaranteed by the United States Constitution. *See* 28 U.S.C. §2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States"). However, the United States Supreme Court has decided that a claim that evidence was

admitted at trial in violation of the Fourth Amendment right to be free from unreasonable searches and seizures cannot be considered in a federal habeas corpus action as long as the state courts provided "an opportunity for full and fair litigation" of that claim. *Stone v. Powell,* 428 U.S. 465, 494-95 (1976).; *see also Riley v. Gray,* 674 F.2d 552, 526 (6th Cir.1982). The Supreme Court held that the purpose of the exclusionary rule, which prohibits the use of illegally seized evidence at trial, is to deter the police from engaging in illegal searches, and that there is a cost to applying that rule: persons who are undoubtedly guilty of a crime are set free. The Court concluded that police may be deterred from illegal conduct if the evidence can be suppressed at the trial stage, but that this deterrent effect is slight (if, indeed, it exists at all) if the evidence is not excluded until a federal habeas petition is filed and granted. Thus, so long as the petitioner had a full and fair opportunity to litigate the Fourth Amendment question in the state courts, the federal courts are barred from granting relief on Fourth Amendment grounds.

Petitioner states in her petition that the Fourth Amendment questions she seeks to raise here were litigated in the state trial court, and that she had the opportunity to raise those claims again on appeal. Thus, she clearly had a full and fair opportunity to raise these claims during the course of state court proceedings. The state court's decisions bear this out. *See State v. Oprandi, supra*, 2008 WL 170683. Under those circumstances, this Court is simply unable to grant her relief on the grounds she has advanced in her petition.

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge