IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SANTA YSABEL OPRANDI,**          CASE NO. 2:09-CV-211
                                                      JUDGE SMITH
         **Petitioner,**                 MAGISTRATE JUDGE KEMP

v.

**WARDEN, OHIO REFORMATORY FOR WOMEN,**

         **Respondent.**

## OPINION AND ORDER

On April 1, 2009, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant habeas corpus petition be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner again raises all of the same arguments she previously presented. Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the reasons detailed therein, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner's Fourth Amendment claims are hereby **DISMISSED.**

In her objections, petitioner also appears to now raise a claim that her convictions were against the manifest weight of the evidence, and that the evidence was constitutionally insufficient to sustain her convictions. *See Objections*. To the extent that petitioner now asserts that her convictions were against the manifest weight of the evidence, such claim is not appropriate for federal habeas corpus review. The Due Process

Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker*, 703 F.2d at 969.

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a "thirteenth juror" and review the entire record, weight the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

Petitioner's claim of insufficiency of the evidence, however, does not appear to have been raised in her initial petition, and does not appear to be time-barred. Further, that is

2

a claim arising under the United States Constitution. Therefore, the Court will permit petitioner to amend the petition with this new claim.

Respondent is **DIRECTED** to file a response to petitioner's insufficiency of the evidence claim within twenty (20) days. The response shall contain all of the information required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court, and shall attach all of the materials required by that rule. It shall also present Respondent's arguments as to why the writ should not be granted on that claim and whether an evidentiary hearing is needed under 28 U.S.C. §2254(e)(2). Petitioner may file a reply within fifteen days after the response is filed.

It is FURTHER ORDERED that the Clerk of this Court serve a copy of the petition, the objections (which amend the petition), and this Order by mail on the respondent and on The Habeas Corpus Unit, Corrections Litigation Section, Office of the Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

\s\ George C. Smith

GEORGE C. SMITH
United States District Judge